RICHARDSON *v.* BRESNAHAN and others.

(*Circuit Court, D. Massachusetts.* May 15, 1885.)

PATENTS FOR INVENTIONS—INFRINGEMENT—FOURTH CLAIM OF PATENT NO. 101,931.
    The fourth claim of patent No. 101,931, dated April 12, 1870, granted to N. J. Simonds for a leather-cutting press for shoe stocks, construed, and *held* not infringed by defendants in the use of a revolving block and cutting-die, without the cutting-press described in the specifications and drawings of the Simonds patent.

In Equity.

*W. A. Macleod,* for complainant.

*C. A. Taber,* for defendants.

COLT, J. This suit is brought upon letters patent, No. 101,931, dated April 12, 1870, granted to N. J. Simonds, for a leather-cutting press. The complainant derives title to the patent by assignment. The invention relates to certain improvements in cutting-presses, used for cutting shoe stock, and consists, among other things, in so constructing the press that the cutting-block, as it recedes from the die, will vibrate or swing, and thus expose the cutting-die; also, in imparting to the cutting-block a rotary motion relative to the cutting-die, whereby, in cutting, a change of contact of the surface of the block is constantly produced, and a smoothness of face preserved under the continued cuts of the die. The defendants are charged with infringing the fourth claim of the patent, which is as follows: "The revolving cutting-block, P, in combination with the cutting-press, substantially as and for the purpose specified." The defendants use a revolving block and cutting-die, but they do not use the cutting-press described in the specification and drawings of the patent. At the outset, therefore, the question arises as to the proper construction of claim 4. Does it cover the combination of a revolving block and cutting-die, or is it limited to the combination of a revolving block and the cutting-press set out in the patent? The claim says a revolving block in combination with *the* cutting-press. The cutting-press refers to the mechanism set out and described in the patent. It not only includes the cutting-die, but the other mechanism involved in the machine, and elaborately set forth in the specification. There is nothing to be found in the patent which shows that the words cut-

ting-press are synonymous with cutting-die; on the contrary, when the term is used elsewhere in the patent, it plainly refers to the entire mechanism of the machine. The natural meaning of the words, as well as the sense in which they are used in the patent, forbid the construction contended for by the complainant. It would be a forced and unwarranted construction to say that cutting-press means cutting-die, and by this means make the claim cover all leather-cutting machines in which we find a die and a revolving cutting-block. And, in view of the prior state of the art, we think the broad claim of a revolving cutting-block, in combination with a die, would be void for want of novelty. Simonds was not the first inventor of a revolving cutting-block; and we find a revolving cutting-block in combination with a die in the leather cutting-machine made by S. D. Tripp as early as 1868 and 1869, and a revolving cutting-block operated upon with knives in prior machines for cutting meat. It was necessary, therefore, for Simonds to limit his claim, in order that it might be valid, to the specific mechanism described in his patent. The defendants not using such mechanism, there can be no infringement, and the bill must be dismissed.

Bill dismissed.